UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ASSUREDPARTNERS GREAT PLAINS, LLC,**

      **Plaintiff,**

v.                                           Case No: 6:22-cv-2373-PGB-DCI

**SHANE LARSON,**

      **Defendant.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **Plaintiff's Motion to Compel Expedited Response to First Requests for Discovery (Doc. 22)** |
| **FILED:** | **January 18, 2023** |
| **MOTION:** | **Defendant's Response in Opposition to Plaintiff's Motion to Compel Expedited Response to First Requests for Discovery, Motion to Stay Discovery or, in the Alternative Motion for Protective Order (Doc. 26)** |
| **FILED:** | **January 25, 2023** |
| **MOTION:** | **Plaintiff's Response to Defendant's Motion to Stay Discovery or, in the Alternative, Motion for Protective Order (Doc. 27)** |
| **FILED:** | **January 27, 2023** |
| **THEREON** it is **ORDERED** that Plaintiff's Motion (Doc. 22) is **GRANTED**; Defendant's Motion (Doc. 26) is **DENIED without prejudice**; and Plaintiff's Motion (Doc. 27) is **DENIED**. | |

Plaintiff initiated this case against Defendant alleging breach of an Asset Purchase Agreement, misappropriation and misuse of trade secret information in violation of the Defend Trade Secrets Act and Wisconsin law, and unjust enrichment. Doc. 1. By Order dated December 22, 2022, the Court denied Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction because Plaintiff did not justify its failure to give notice to Defendant; Plaintiff waited seven weeks to bring the action, which delay "speaks to the absence of irreparable injury;" and the Court was not persuaded that monetary damages would not make Plaintiff whole or that a preservation order was proper or necessary. Doc. 7.

The case proceeded, and Plaintiff has filed a Motion to Compel Expedited Response to its First Requests for Discovery. Doc. 22 (the Motion to Compel). Plaintiff states that it served its First Requests for Production of Documents and the First Interrogatory on January 17, 2023, and requests that the Court shorten Defendant's deadline to respond to January 31, 2023 and to produce the requested documents to February 16, 2023. Doc. 22. Plaintiff asserts that it needs the responses on an expedited basis to determine whether, and to what extent, Defendant is soliciting its clients and to determine what trade secrets and confidential information Defendant possesses and has used to unfairly compete. *Id*. at 2.

Defendant then filed a "Response in Opposition to Plaintiff's Motion to Compel Expedited Response to First Requests for Discovery, Motion to Stay Discovery or, in the Alternative, Motion for Protective Order." Doc. 26. While Defendant titles the filing as a "Response," Defendant does not actually respond to the Motion to Compel. *See id*. Instead, Defendant uses the filing to seek

Defendant's own relief—a request to stay discovery—which is improper and due be denied pursuant to Local Rule 3.01(a).[1]

Since Defendant did not respond to the substance of the Motion to Compel, it is deemed unopposed. The Court routinely grants motions as unopposed where the opposing parties have not filed a response in opposition to the motion. *See* Local Rule 3.01(c); *see also Foster v. The Coca-Cola Co.*, 2015 WL 3486008, at *1 (M.D. Fla. June 2, 2015) (finding that a motion to compel was unopposed a because the opposing party failed to timely respond to the motion). As such, Plaintiff's request for an expedited response is due to be granted.

Finally, Plaintiff filed a "Response to Defendant's Motion to Stay Discovery or, in the Alternative, Motion for Protective Order." Doc. 27. The Court understands that Plaintiff found it necessary to file the "Response" because Plaintiff included a motion within its response, but the Court construes the filing as an unauthorized reply and it is due to be stricken under Local Rule 3.01(d). In any event, Plaintiff's "Response" to Defendant's request for stay is moot for the reasons stated *supra*.

Accordingly, it is hereby **ORDERED** that:

1. Plaintiff's Motion to Compel Expedited Response (Doc. 22) is **GRANTED** as unopposed. Defendant shall respond to the First Requests for Production of Documents and the First Interrogatory **on or before January 31, 2023** and shall produce responsive documents **on or before February 16, 2023**, as requested;

2. Defendant's Motion to Stay (Doc. 26) is **DENIED without prejudice** as improper under Local Rule 3.01(a); and

---

[1] Defendant states that he intends to file a Motion to Dismiss/Transfer Venue. That motion has been filed and is pending before the Court.

3. Plaintiff's "Response" (Doc. 27) is hereby **STRICKEN** as an improper reply under Local Rule 3.01(d).

**ORDERED** in Orlando, Florida on January 30, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE